U.S. BANCORP AND SUBSIDIARIES,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4141)

Oral argument on Plaintiffs' Motion for Summary Judgment was held October 12, 1998, in the courtroom of the Oregon Tax Court, Salem.

Rece Bly, Miller, Nash, Wiener, Hager & Carlsen, Portland, argued the cause for Plaintiffs (taxpayers).

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision for Plaintiffs rendered March 12, 1999.

**CARL N. BYERS, Judge.**

This matter is before the court on Plaintiffs' (taxpayers) Motion for Summary Judgment. Taxpayers assert that Defendant (the department) is barred from relitigating taxpayers' liability for corporate excise taxes for the tax years 1984 and 1985. There is no dispute of fact and the department has responded to the motion.

## FACTS

In 1991, as a result of an audit of taxpayers, the department issued assessments for additional corporate excise taxes for 1984 through 1987. After exhausting their administrative remedies, taxpayers appealed those assessments to this court. The court held a trial on December 6, 1993, and January 3, 1994, and on May 17, 1994, rendered its decision in favor of taxpayers. *See US Bancorp v. Dept. of Rev.*, 13 OTR 84 (1994) (*US Bancorp I*). The department did not appeal from that decision and it became final and binding on the parties.

In June 1994, the department issued new Notices of Deficiency against taxpayers for the 1984 and 1985 tax years. The department's actions were based upon a somewhat belated realization that the Oregon Supreme Court's decision in an unrelated case, *Crocker Equipment Leasing, Inc. v. Dept. of Rev.*, 314 Or 122, 838 P2d 552 (1992), could impact these taxpayers' corporate excise tax liability for 1984 and 1985. Again, taxpayers' exhausted their administrative remedies and appealed to this court. Taxpayers contend that the department is barred from relitigating their 1984 and 1985 tax liability by the doctrine of *res judicata*.

## BACKGROUND

The court will begin by reviewing the Oregon law concerning *res judicata*.

> "Because decisions use the term '*res judicata*' inconsistently, it is important to clarify the terminology used here. 'Preclusion by former adjudication' is a doctrine of rules and principles governing the binding effect on a subsequent proceeding of a final judgment previously entered in a claim. The term comprises two doctrines: claim preclusion, also known as *res judicata*, and issue preclusion, also known as

collateral estoppel. Some authors use the term *res judicata* to refer to both subdivisions of former adjudication doctrine." (Citations omitted.) *Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990).

Because the Supreme Court has expressed a preference for the terms "claim preclusion" and "issue preclusion," this court will use those terms. *Id.*

The wisdom of the Supreme Court's view is demonstrated by this case. It is easy to become confused, and to confuse others, by discussing *res judicata* in terms of issues, which were actually raised or could have been raised in a prior suit. In this case, the department contends that "these are two patently different cases, resulting from two different Notices of Deficiency, albeit involving the same tax year."

## ISSUE

Does a taxpayer's income or corporate excise tax liability for a year constitute one claim?

## ANALYSIS

■ There is no direct Oregon authority answering the question posed above. With regard to property taxes, the cases recognize that they are imposed on an annual basis and "that each year stands by itself." *Mittleman v. Commission*, 2 OTR 105, 106 (1965). Oregon income and corporate excise taxes are also imposed on an annual basis. Therefore, under the general rule:

> "Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit." *C.I.R. v. Sunnen*, 333 US 591, 598, 68 S Ct 715, 719, 92 L Ed 898 (1948).

■ Federal income tax cases are consistent with that general rule.

"* * * Each taxable year is a separate cause of action for the purpose of applying res judicata and collateral estoppel." *Stewart Gammill III*, 62 TC 607, 613 (1974).

■     The United States Tax Court applies claim preclusion to each tax year litigated including default judgments (*Thomas A. Shaheen, Jr.*, 62 TC 359 (1974)), and stipulated judgments (*Pert v. Commissioner*, 105 TC 370 (1995)).

Those rules are equally applicable in the Oregon Tax Court.

"* * * The doctrine of res judicata serves both the interests of the public in conserving judicial resources and in minimizing the possibility of inconsistent decisions and the interests of the parties in being protected from the expense and vexation of multiple lawsuits. * * * We reaffirmed that a final judgment on the merits bars relitigation of the same claim or cause of suit between the same parties in a subsequent proceeding. This bar extends to all matters which the parties might have litigated and had decided as incident to or essentially connected with the former cause as a matter of claim or defense." *Multistate Tax Comm. v. Merck & Co., Inc.*, 289 Or 717, 720-21, 617 P2d 1371 (1980).

■     The department argues that OAR 150-305.265(2)-(c) authorizes it to reopen an audit if an issue has not been previously audited. Further, the department points out that this court, in an earlier order in this case issued April 22, 1998, specifically held that the department could audit and examine an issue that had been examined in a previous audit for the same tax year. However, there is a difference between reopening an audit and relitigating the same claim. The court's order addresses only the department's authority to audit under the rule. It does not purport to be an exception to the doctrine of claim preclusion. Once a tax year has been appealed and placed in litigation before the court, the judicial doctrine of claim preclusion applies.

The department points out that it "frequently receives federal information which is used to adjust the tax reported for a particular year long after the assessment is otherwise final and appeal periods have expired." The department contends that applying the doctrine would prevent it from making adjustments under federal waivers.

■ The department's cooperative relationship with the Internal Revenue Service is for the convenience and cost savings of the department. The doctrine of claim preclusion does not prevent the department from making adjustments under federal waivers unless the taxpayer's liability for that tax year has been litigated. Once a tax year has been placed in issue before the court, both parties are obligated to raise all issues and defenses in connection with that claim so that the claim may be finally resolved.

In the *US Bancorp I* litigation, the court determined taxpayers' corporate excise tax liability for the tax years 1984 through 1987. The court's decision in that case became final. Consequently, the doctrine of claim preclusion bars the department from relitigating taxpayers' corporate excise tax liabilities for 1984 and 1985. Therefore, taxpayers' Motion for Summary Judgment must be granted. Now, therefore,

IT IS ORDERED that Plaintiffs' Motion for Summary Judgment is granted. Costs to neither party.