ORDER ON MOTION TO STRIKE
 I. INTRODUCTION
This matter is before the court on Defendant's request to strike the 2006-07 tax year from the above-captioned appeal. Oral argument was heard in the courtroom of the Oregon Tax Court in Salem on April 16, 2008. Plaintiff was represented by Kevin Lafky, Attorney at Law, Lafky Lafky. Defendant Linn County Assessor was represented by Gene Johnston (by written motion only), and Defendant-Intervenor Department of Revenue was represented by Joseph A. Laronge, Assistant Attorney General, Oregon Department of Justice. For ease of reference, the parties will be referred to as taxpayer, assessor, and department.
 II. STATEMENT OF FACTS
The appeal involves certain taxable property owned by taxpayer and identified in the assessor's records as Accounts 5492, 4495, and 5484 (collectively the subject property). For the 2005-06 tax year, the assessor set the assessed value (AV) of the subject property at $951,611. The following year (2006-07), the assessor substantially increased the AV of that property, setting *Page 2 
the new combined AV at $2,362,254, an increase of approximately $1.4 million. (Def-Intervenor's Br at 1-2.)[1] That AV increase resulted in a substantial increase in property taxes. Those increases (value and taxes) were reflected in the assessor's annual property tax statements, which were sent to taxpayer in October 2006. Taxpayer disagrees with those values, but did not file a petition with the county board of property tax appeals (board) to seek a reduction in value, as provided in ORS 309.026 and ORS 309.100.[2]
Approximately nine months later, on July 19, 2007, the assessor issued three value correction notices (one for each account) for the subject property, covering the five tax years prior to tax year 2006-07. Those retroactive corrections, which were based on omitted property assessments, substantially increased the AV for tax years 2001-02 through 2005-06, inclusive. For example, the combined increase in AV for the 2005-06 tax year was approximately $1.53 million, with the AV increasing from $951,611 to $2,482,139.[3] Similar increases were made for the earlier tax years.
On September 24, 2007, roughly two months after the county issued the omitted property assessments, taxpayer filed three pro se Complaints with this court. Those complaints indicated that taxpayer was appealing "2001, 2002, 2003, 2004, 2005, 2006." Taxpayer submitted the omitted property assessment notices with those Complaints. Approximately two weeks later, on October 5, 2007, taxpayer, by and through its counsel, filed three Amended Complaints. Those Complaints indicated that the tax years being appealed were "2001-02 thru 2006-07." *Page 3 
On October 29, 2007, the county filed three Answers, one for each case number assigned by this court to the three appeals (070746C, 070747C, and 070748C). Each of those Answers, signed by Gene Johnston, requested that the court "[s]trike tax year 2006 from th[e] appeal." The department, in its Answers, requested "a judgment sustaining the assessed value corrections for the tax years at issue." The basis for the assessor's request to strike the 2006-07 tax year is Plaintiff's failure to petition the board before appealing to the Tax Court.
 III. ISSUE
Should the 2006-07 tax year be stricken from taxpayer's complaint?
 IV. ANALYSIS
A. Statutory Overview of Property Tax System
Under ORS 307.030, "[a]ll real property within this state and all tangible personal property situated within this state, except as otherwise provided by law, shall be subject to assessment and taxation in equal and ratable proportion." Under ORS 308.210, the assessor is required to "proceed each year to assess the value of all taxable property within the county," and to "maintain a full and complete record of the assessment of the taxable property for each year as of January 1, at 1:00 a.m. of the assessment year * * *." (Emphasis added.) ORS308.007(1)(a), which incorporates by reference ORS 308.210, provides for a January 1 assessment date each calendar year. Subsection (2) of ORS308.007 provides that "the assessment year beginning January 1 corresponds to the tax year beginning July 1 of the same calendar year." The tax year is a fiscal year that runs for "a period of 12 months beginning on July 1." ORS 308.007(1)(c). By virtue of those statutory provisions, the assessor must value and tax property each year by determining the value of the property on January 1 for the tax year that begins six months later on July 1. *Page 3 
Under ORS 311.250, the tax collector is required to mail property tax statements each year "on or before October 25." The taxpayer must pay at least one-third of the taxes due by the following November 15. ORS311.505(1).
Pursuant to the statutory framework set forth above, the county determined the value of taxpayer's property for the 2006-07 tax year as of January 1, 2006. That tax year began on July 1, 2006, and tax statements were mailed sometime in October before the October 25, 2006, deadline. Taxpayer had until November 15, 2006, to pay at least one-third of the taxes due. It appears that taxpayer has paid those taxes. However, taxpayer did not appeal the tax year 2006-07 value increases to the board before the December 31, 2006, statutory deadline set forth in ORS 309.100(2), as discussed below.
B. Appealing Current Year Assessments
ORS 309.026 provides generally for petitions to the board where a taxpayer seeks a reduction in assessed value, real market value, and, in some instances, maximum assessed value. ORS 309.100(2) provides that petitions filed under ORS 309.026 "shall be filed with the clerk of the board during the period following the date the tax statements are mailed for the current tax year and ending December 31." (Emphasis added.)
ORS 305.275 authorizes a taxpayer aggrieved by an order of the board to appeal to the Magistrate Division of the Oregon Tax Court. ORS305.275(3) specifies that "[t]he appeal under this section is from an order of the board as a result of the appeal filed under ORS 309.100." The board's order must be appealed to the Tax Court "within 30 days after the * * * date of mailing of the order[.]" ORS 305.280(4).
The import of those provisions is that a taxpayer unhappy with the values appearing on the current year tax statements may petition the board for a reduction in value and, if unhappy with *Page 4 
the board's determination, may appeal that decision to the Magistrate Division of the Oregon Tax Court.
As indicated above, taxpayer did not appeal to the board after receiving the property tax statements for the 2006-07 tax year, despite the fact that those statements reflected substantial increases in value over the prior tax year, increases now objected to by taxpayer. Instead, taxpayer timely appealed the omitted property assessment notices that were issued approximately nine months after the tax statements for the 2006-07 tax year. Those omitted property assessments added value for tax years 2001-02 through 2005-06, and, in appealing those assessments, taxpayer attempted to include the 2006-07 tax year.
C. Omitted Property Assessments
The omitted property assessments were made pursuant to the provisions of ORS 311.216 (providing for retroactive assessments of omitted property); ORS 311.219 (requiring notice of the assessor's intent to make such corrections); ORS 311.223 (authorizing the assessor to correct the roll for omitted property). ORS 311.223(4) authorizes a taxpayer aggrieved by an omitted property assessment to appeal that assessment to the Tax Court "within 90 days after the correction of the roll * * *.
Taxpayer timely appealed the omitted property assessments. However, taxpayer included the 2006-07 tax year in its appeal. The question is whether that tax year is properly before the court, or whether it should be stricken from the complaints, as requested by the county.
C. The Tax Year 2006-07 Appeal
The court has already explained that the proper method for appealing the value increases for the 2006-07 tax year, made to the open roll as part of the annual valuation process, was for taxpayer to petition the board after it received the tax statements in October 2006 and before the *Page 5 
board appeal deadline of December 31, 2006. Taxpayer missed that deadline. In fact, taxpayer never petitioned the board. Taxpayer's inclusion of the 2006-07 tax year in its timely appeal of the omitted property assessments was contrary to governing law because those assessments did not include the 2006-07 tax year. Thus, although taxpayer's appeal of the omitted property assessments was timely, the appeal is only valid insofar as it concerned the tax years affected by the omitted property assessments: tax years 2001-02 through 2005-06.
D. ORS 305.288
In certain limited circumstances, ORS 305.288 affords a taxpayer an opportunity to obtain a reduction in the value of its property even though the taxpayer failed to timely pursue the statutory right of appeal by petitioning the board before the December 31 deadline (and, where necessary, timely appealing the board's order to the Tax Court). When, as in this case, the property at issue is not used for "residential" purposes, the taxpayer must establish to the court's satisfaction that there is "good and sufficient cause * * * for the failure by the * * * taxpayer to pursue the statutory right of appeal." ORS 305.288(3).[4]
Taxpayer's Complaint does not address the reason for its failure to timely appeal the 2006-07 tax year to the board. Counsel for taxpayer suggests in its memorandum that taxpayer had no way of knowing the reason for the increase in value for 2006-07 until it received the July 19, 2007, omitted property assessment notices. Counsel states that taxpayer made three payments for the 2006-07 taxes "prior to receiving notice of the increased assessment for omitted property," and that "[t]here is no way that Plaintiff could have been put on notice as to what property had been reassessed or that it was reassessed until the notice of July 19, 2007." *Page 6 
(Plaintiff's Memo at 2-3.) Taxpayer goes on to assert that "[t]he July 19, 2007 notice * * * did not disclose that the property values would be applied in the 2006-2007 tax year. The increased values were clearly applied and Plaintiff should be allowed to appeal that application."Id. at 3.
Those assertions do not comport with the facts of this case and, even if true, would not constitute good and sufficient cause. In terms of the factual error, the tax statements taxpayer received in October 2006 reflected considerably higher values and tax assessments than those of the prior year. That increase, on the order of 250 percent for the three accounts, put taxpayer on notice that the assessor believed either that taxpayer had added new property, or that the value of its existing property had increased substantially. That increase came some nine months before the omitted property assessment notices were issued, notices increasing the values for tax years prior to 2006-07. The increased assessments appearing in taxpayer's 2006-07 tax statements put taxpayer on notice of a change in assessment. Contrary to taxpayer's assertion, taxpayer was on notice of that reassessment prior to the July 19, 2007, omitted property assessment notices. Moreover, the omitted property assessments did not apply values to the 2006-07 tax year; those assessments only impacted tax years prior to the 2006-07 tax year. The increase in value for the 2006-07 tax year was done by the assessor as part of the annual assessment and taxation process.
More importantly, the 2006-07 tax year cannot legally be heard under ORS 305.288 because taxpayer has not alleged facts constituting "good and sufficient cause." Taxpayer's memorandum suggests taxpayer was unaware of the increase in value, or perhaps unaware of the reason for that increase, until it received the July 2007 omitted property assessments. Although that is not a factually accurate statement, as explained above (because the 2006-07 tax statements reflected the increase in value and the omitted property assessments did not address or impact that year), the statutory definition of "good and sufficient cause" specifically excludes "inadvertence, *Page 8 
oversight, [and] lack of knowledge." ORS 305.288(5)(b)(B). Taxpayer had sufficient knowledge of the increase in value for the subject property in 2006 and had more than two months to petition the board if it believed the value was excessive.
Frankly, the facts of this case suggest that taxpayer was not seriously concerned with the increase in values appearing in the October 2006 tax statements (2006-07 tax year), notwithstanding the substantial increase in property taxes. Taxpayer became alarmed only after receiving the omitted property assessments some nine months later — assessments affecting the five prior tax years and significantly increasing taxpayer's taxes, payment of which is required all at once rather than over a period of years. Taxpayer has timely appealed those omitted property assessments and the matter may go forward as it relates to those assessments.
E. Preclusion
Counsel for taxpayer asserted during oral argument that, because the appeal for the 2006-07 tax year involves the same property and same factual dispute as the appeal for the 2001-02 through 2005-06 tax years, a favorable ruling for the earlier tax years would have legal preclusive effect for the 2006-07 tax year and, therefore, it "makes sense" to include the 2006-07 tax year in this appeal. Counsel asserted that if taxpayer is successful in challenging the omitted property assessments for the five prior tax years (before tax year 2006-07), the assessor should not be allowed to collect what it regards as an "illegal and inappropriate tax" for the succeeding (2006-07) tax year. Taxpayer appears to make the same argument in its memorandum, arguing that the value increase for prior years effectuated by the omitted property assessments is included in the assessments for the 2006-07 tax year, and that such inclusions should not be allowed because, if Plaintiff prevails (on the earlier years), "then the 2006-2007 tax year values would be radically reduced and similar to historical values prior to the change in assessed value pursuant to *Page 9 
the July 19, 2007 notice." Accordingly, taxpayer believes it is appropriate for the 2006-07 tax year to remain a part of the instant appeal.
Taxpayer cites no legal authority for that argument and the court is not aware of any. Frankly, the court finds it difficult to comprehend the logic of taxpayer's preclusion argument. Preclusion ordinarily works to prevent a party from coming back to court and raising a matter (an issue or claim) it could have included as part of an earlier action. It presumes that the issue or claim raised in a subsequent action could have been included as a part of the earlier action. That is not the case here. The omitted property assessment for tax years 2001-02 through 2005-06 created an appealable action, and the assessor's earlier value increase for the 2006-07 tax year created a separate appealable action. Each had its own statutory appeal rights. Moreover, if taxpayer ultimately prevails in its appeal of the omitted property assessments for the 2001-02 through 2005-06 tax years, it would not necessarily follow that the assessment for the 2006-07 tax year is in error. That is so because value fluctuates with market conditions, with machinery and equipment (and personal property), and with the actual inventory being valued, which often changes from year to year. Additionally, even if the 2006-07 value is erroneous, the court cannot reduce the value unless a timely and otherwise proper appeal is filed. Equity does not override procedure in a court governed by statutory deadlines.
This court has previously ruled that "[w]ith regard to property taxes, the cases recognize that they are imposed on an annual basis and `that each year stands by itself.'" U.S. Bancorp v. Dept. of Rev., 15 OTR 13,15 (1999) (citing Mittleman v. Commission, 2 OTR 105, 106 (1965)).See also, Johnson v. Dept. of Rev., TC No 3334 (July13, 1993) (stating that "each tax year stands on its own") (citations omitted). The court in U.S. Bancorp noted that the rule in income tax *Page 10 
matters is that "[e]ach year is the origin of a new liability and of a separate cause of action." Id. at 15 (citations omitted). The same is true of property tax assessments. The caveat is that where, as here, a single action of the assessor impacts more than one tax year, then procedurally the matter is appealed "collectively," with all years affected brought in a single appeal, because they arise from a single action. Notwithstanding that caveat, however, each year is considered separately in terms of value because of the annual assessment process, with a January 1 assessment date.
 V. CONCLUSION
For the reasons stated above, the court concludes that Defendant's request to strike the 2006-07 tax year from Plaintiff's Complaints should be, and is hereby, granted because Plaintiff has not timely appealed from the annual property tax statements pursuant to ORS 305.275
and ORS 305.280, and has not alleged in the Complaint that it was precluded from pursuing the statutory right of appeal due to extraordinary circumstances beyond its control as provided in ORS305.288. Now, therefore,
IT IS ORDERED that Defendant's request to strike the 2006-07 tax year is granted.
This interim order may not be appealed. Any claim of error in regardto this order should be raised in an appeal of the Magistrate's finalwritten decision when all issues have been resolved. ORS 305.501.
 This document was signed by Magistrate Dan Robinson on July 31, 2008.The Court filed and entered this document on July 31, 2008.
[1] The tax statements for the 2006-07 tax year are not in evidence. The AVs for that year that are reflected in this Order appear in the department's April 1, 2008, brief opposing the inclusion of the 2006-07 tax year in taxpayer's appeal.
[2] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2005.
[3] The exact amount of the increase in AV for the three accounts for the 2005-06 tax year was $1,530,528.
[4] The 20 percent over provision found in subsection (1) of ORS305.288 is inapplicable because the appeal does not involve "residential" property (i.e., property used primarily as a dwelling, including condominiums, manufactured structures, and floating homes). *Page 1