DECISION
Plaintiff has appealed to this court seeking a reduction in the assessed value (AV) of her property for tax years 2006-07 and 2007-08. Defendant has moved to dismiss, arguing Plaintiff is not aggrieved because the relief she has requested is contrary to law and, for tax to 2006-07, Plaintiff previously appealed her value to this court and was dismissed for want of prosecution.
 I. STATEMENT OF FACTS
The appeal involves Plaintiffs home, which she purchased in 2002 for $342,000. According to Plaintiff, the property previously sold in 1996 for $327,000. For the 2007-08 tax year, the assessor placed a total real market value (RMV) on Plaintiffs property of $462,350, with $242,000 allocated to land and $220,350 to improvement (the home). The maximum assessed value (MAV) and assessed value (AV) for 2007-08 is $296,880.
Plaintiff is particularly upset about the value of her land, the majority of which she contends is essentially unusable because of the steep grade, thereby leaving only a small portion available for her use. The home is also located on a busy street, a fact that Plaintiff insists reduces the home's value. Plaintiff is also upset that her value is not commensurate with neighboring properties with more usable land.
Plaintiff appealed the 2007-08 value(s) to the county board of property tax appeals (board), and the board sustained the assessor's values. In her appeal of the board's order to this *Page 2 
court, Plaintiff requests a reduction in AV to $220,000. (Ptf's Compl at 1.) Plaintiff explained that she arrived at that number by applying the percentage reduction she believes is appropriate for her RMV to her AV. Plaintiff apparently believes the total RMV should be approximately $365,000, and that the land should be reduced to $160,847. (Ptf's Overview/Summary at 1, 2, Jan 21, 2009.) That information was not part of Plaintiff's Complaint, but submitted as part of a package of information received January 21, 2009. Among the information Plaintiff submitted to the court on that date (on the morning of the court's initial proceeding in the matter) is a document titled "Property Marketing Proposal," which provides an estimated sales price of $423,861.36. (Ptf's Ex 3 at 10.)
As indicated above, Plaintiff appealed her 2006-07 values to this court. Martin v. Multnomah County Assessor, TC-MD No 070532B. That appeal was dismissed for want of prosecution. Id., J of Dismissal, Dec 6, 2007.
 II. ANALYSIS
A. Tax Year 2006-07
Defendant's Motion to Dismiss (motion) the 2006-07 tax year is granted because Plaintiff previously appealed her value for that year to this court and the court issued a judgment dismissing that appeal. ORS305.501(7)[1] provides that such a "judgment shall be binding upon all parties." See also Tax Court Rule-Magistrate Division (TCR-MD) 19 (providing that "[j]udgments issued by the magistrate are not appealable"). Moreover, "[o]nce a tax year has been appealed and placed in litigation before the court, the judicial doctrine of claim preclusion applies." U.S. Bancorp v. Dept. of Rev., 15 OTR 13, 16 (1999). Finally, "[o]nce a tax year has *Page 3 
been placed in issue before the court, both parties are obligated to raise all issues and defenses in connection with that claim so that the claim may be finally resolved." Id. at 17.
B. Tax Year 2007-08
Defendant has requested that Plaintiff's appeal for 2007-08 be dismissed because she is not aggrieved. Specifically, Defendant asserts in its motion that "[p]laintiff has not alleged facts showing that plaintiff is "aggrieved' within the meaning of ORS 305.275 because plaintiff has requested a reduction in maximum assessed value that is contrary to ORS 308.146." The court agrees, although Plaintiff's actual requested relief concerns AV.
The relief Plaintiff has requested is a reduction in AV from $296,880 to $220,000. That request is based on Plaintiff's belief and assertion that her RMV is too high.[2] However, as the court explained during the January 21, 2009, hearing, there is no linkage between RMV and AV.Gall v. Dept. of Rev., 17 OTR 268, 270 (2003). Plaintiff's belief that there is a formulaic relationship between RMV and AV is incorrect. InGall, the Regular Division of the Tax Court held:
 "Taxpayers are fundamentally mistaken about the law. Under Measure 50 and the statutes implementing it, there is no linkage between the RMV and MAV. Instead, each value is determined and one of the two, the lesser, becomes, in any given year, the assessed value (AV) for the property."[3]
Id. at 270-71. *Page 4 
RMV represents the market value (i.e., likely selling price) of a property. MAV was established in 1997 as 90 percent of the property's 1995 RMV on the rolls, [4] with annual increases thereafter of three percent.[5] Finally, AV is the lesser of the property's RMV or MAV. ORS308.146(2). Thus, whereas RMV is tied to market conditions that can vary each year both in terms of direction (up or down) and magnitude, MAV is a simple mathematical calculation based on an annual increase of three percent. And, AV is simply the lesser of RMV or MAV. ORS 308.146(2).[5]
Plaintiff's request for a reduction in AV is simply contrary to law.
 III. CONCLUSION
The court concludes that Defendant's Motion to Dismiss should be granted because Plaintiff previously appealed the 2006-07 tax year and the court issued a judgment dismissing that matter and, as explained above, Plaintiff is precluded from relitigating that matter. As for tax year 2007-08, there is no statutory provision for reducing Plaintiff's AV on the facts of this case, where Plaintiff establishes her requested AV based on a belief that her RMV is above actual market value. Now, therefore, *Page 5 
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.
Dated this _____ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 9,2009. The Court filed and entered this document on February 9, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Although Plaintiff never specifically alleged an RMV in her Complaint, her statements during the January 21, 2009, court proceeding, along with certain written materials submitted to the court that morning, assert an overvaluation of Plaintiff's RMV as set forth in the statement of facts above.
[3] Although the court in Gall rejected the claim there was a link between RMV and MAV, that statement generally applies with equal force to AV, because in most residential property value appeals, MAV and AV are, by virtue of the law, the same. That is the case in the instant appeal.
[4] Or Const, Art XI, § 11(1)(a) (providing that a property shall have a MAV for the 1997-98 tax year "that does not exceed the property's real market value for the tax year beginning July 1, 1995, reduced by 10 percent.").
[5] Or Const, Art XI, § 11(1)(b) (providing that "[f]or tax years beginning after July 1, 1997, the property's maximum assessed value shall not increase by more than three percent from the previous tax year"); ORS 308.146(1) (providing that MAV is the greater of 103 percent of the property's prior year AV, or 100 percent of the property's prior year MAV).
[5] ORS 308.146 provides in relevant part, as follows:
 "(2) Except as provided in subsections (3) and (4) of this section, the assessed value of property to which this section applies shall equal the lesser of:
 "(a) The property's maximum assessed value; or
 "(b) The property's real market value."
Subsection (3) (providing for exceptions to the general annual three percent statutory increase to MAV) and subsection (4) (providing special rules for exempt and specially assessed property) are inapplicable in this case. *Page 1