IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

KATHLEEN EMMETT MITTON,        )
                                 )
        Plaintiff,         )    TC-MD 110925C
                                 )
        v.                  )
                                 )
DEPARTMENT OF REVENUE,     )
State of Oregon,               )
                                 )
        Defendant.        )    **DECISION**

Plaintiff filed her Complaint on August 16, 2011, challenging Defendant's letter, dated

June 20, 2011, declining to accept Plaintiff's amended 2009 Form 40P. (Ptf's Compl at 2.) The

June 20, 2011, letter from Defendant stated that Defendant "issued a Notice of Deficiency on

March 31, 2011, and a Notice of Assessment on May 17, 2011." (*Id.*) Those notices were not

included with Plaintiff's Complaint. Defendant's June 20, 2011, letter further states:

> "Because we cannot accept the amended return, we will be issuing a denial. Ms.
> Mitton must appeal to the Magistrate Division of the Oregon Tax Court, as
> indicated in the Notice of Assessment. That notice explained that she must appeal
> to Tax Court within 90 days (by Monday, August 15, 2011) to appeal without
> having to pay the amount owed."

(*Id.*) Plaintiff requests "that the ODOR accept the 2009 amended 40P reporting the sale of and

basis on [] her personal residence." (*Id.* at 1.)

Defendant filed its Answer on November 17, 2011, and its Amended Answer on

March 6, 2012. Defendant's Amended Answer states, in part:

> "Defendant disagrees [that] the Plaintiff qualifies for the exclusion of gain on
> personal residence as defined in IRC 121 up to $250,000 for a single individual.
> Defendant disagrees [that] Plaintiff has lived in the residence for two out of the
> last five years and [therefore] does not qualify for the [exclusion].
>
> "Note: during the processing of Plaintiff's 2009 Oregon income tax return
> Plaintiff was allowed a $250,000 exclusion from the gain of sale on her Oregon

property in error.  Adding back the $250,000 of excluded gain will create an additional deficiency for $22,500.  The audit is being conducted at this time because once a Decision is filed by the Magistrate Division of the Oregon Tax Court (Magistrate), the year is closed and no other adjustments can be made."

(Def's Amended Ans at 1 (citing *U.S. Bancorp v. Dept. of Rev.*, 15 OTR 13 (1999).)

A trial was scheduled in this matter in the Tax Courtroom on July 25, 2012.  Peggy L. Rubel (Rubel), CPA, appeared on behalf of Plaintiff.  Kevin Cole (Cole), Tax Auditor, appeared on behalf of Defendant.  Neither party submitted exhibits prior to trial.  Rubel offered exhibits at trial, but Defendant objected because the exhibits were not properly labeled or timely exchanged under Tax Court Rule-Magistrate Division (TCR-MD) 10.  "Plaintiff's exhibits shall be marked numerically and have the case number on the label."  TCR-MD 10 B(1).  "Unless otherwise set by the court, all exhibits must be either postmarked at least 14 days before the trial date or physically received at least 10 days before the trial date. * * *."  TCR-MD 10 C(1).  "A magistrate may exclude any evidence received after the time of exchange, sanction any party who withholds information, or use any other measure the magistrate considers appropriate."  TCR-MD 10 D.  Plaintiff's exhibits were excluded because they were not timely exchanged under TCR-MD 10.  Defendant did not offer any exhibits at trial.  Neither party offered witness testimony.

"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof.  The burden of proof shall fall upon the party seeking affirmative relief * * *."  ORS 305.427.[1]  A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence."  *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971).  This court has statutory authority to determine the correct amount of the deficiency, "even if the amount determined is

_____

[1] All references to the Oregon Revised Statutes (ORS) are to 2007.

greater or less than the amount of the assessment determined by the Department of Revenue * * *." ORS 305.575.

The relief sought in Plaintiff's Complaint is that Defendant "accept the 2009 amended 40P reporting the sale of and basis on [Plaintiff's] personal residence." Rubel stated at trial that the evidence she intended to present concerned the proper calculation of Plaintiff's basis in her personal residence. The court did not receive any evidence concerning the sale of Plaintiff's property or her basis in that property. Plaintiff has failed to carry her burden of proof and Plaintiff's appeal must, therefore, be denied.

In its Amended Answer, Defendant requested that the court determine "an additional deficiency [of] $22,500" based on Defendant's allegation that Plaintiff had not "lived in the residence for two out of the last five years and does not qualify for the [exclusion]." At trial, Cole reiterated Defendant's request that the court determine an additional deficiency. In response to the court's inquiry regarding evidence in support of Defendant's request, Cole stated that he had received a letter from Plaintiff including an admission that she had not lived in the residence for at least two out of the last five years. Rubel stated that Plaintiff disagrees with Defendant and asserted that Plaintiff met the requirements for the exclusion of gain from the sale of her personal residence under IRC section 121.[2] The letter referenced by Cole was not provided to the court. With respect to its request that the court determine an additional deficiency of $22,500, Defendant is "the party seeking affirmative relief" and, therefore, bears the burden of proof. The court did not receive any evidence in support of Defendant's request that the court determine an additional deficiency of $22,500. Defendant did not carry its burden

/ / /

_____

[2] All references to the Internal Revenue Code (IRC) are to the 1986 code and include updates applicable to 2009.

of proof and its request for determination of an additional deficiency must be denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

IT IS FURTHER DECIDED that Defendant's request that the court determine "an additional deficiency" $22,500 is denied.

Dated this ___ day of July 2012.

 

 

                            ALLISON R. BOOMER
                            MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Allison R. Boomer on July 31, 2012. The Court filed and entered this Decision on July 31, 2012.*