IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ESA E. KORKEAKOSKI                          )
and NICOLE M. KORKEAKOSKI,                   )
                                             )
            Plaintiffs,                      )      TC-MD 240154N
                                             )
       v.                                    )
                                             )
DEPARTMENT OF REVENUE,                       )
State of Oregon,                             )
                                             )
            Defendant.                       )      **DECISION**

This matter came before the court on Defendant's Motion to Dismiss (Motion), filed

April 4, 2024, alleging that Plaintiffs are appealing their own 2019 tax return and are, therefore,

not aggrieved, and that Plaintiffs' attempted election to expense an asset is untimely. During the

case management conference held June 11, 2024, the parties agreed to a written briefing

schedule on Defendant's Motion. In accordance with that schedule, Plaintiffs filed a written

response on June 21, 2024. Defendant filed a written reply on July 10, 2024.[1] Because the

parties briefed both the procedural issue of whether Plaintiffs are aggrieved and the substantive

issue of whether Plaintiffs may expense an asset, the court construes the briefings as cross

motions for summary judgment.[2] This matter is now ready for the court's determination.

/ / /

/ / /

---

[1] Defendant labeled its reply as an "Answer," (Def's Reply at 1), but the court construes it as a reply in accordance with briefing schedule established during the case management conference. (*See* Journal Entry, June 11, 2024.) Generally, an "answer" is a responsive pleading to a complaint. *See* Tax Court Rule-Magistrate Division 2 A (describing usual titles of responsive pleadings).

[2] *Compare* Tax Court Rule (TCR) 21 A (listing the defenses that may, at the option of the pleader, be made by motion to dismiss), *with* TCR 47 A-C (describing when and how parties may move for summary judgment).

I.  STATEMENT OF FACTS

Plaintiffs' income tax return for the 2019 tax year was selected for audit.  (Ptfs' Ltr at 6, Jun 21, 2024.)  During the audit, Plaintiffs requested that the auditor change the treatment of a printer lease to allow a section 179 deduction, but "[t]he auditor accepted [Plaintiffs'] rent and lease expenses as filed."  (*Id.* at 1, 12.)  The audit resulted in a net increase of Schedule C income by $30,094, increased tax, and imposition of a substantial understatement penalty.  (*Id.* at 6.)  Plaintiffs appealed Defendant's Notice of Deficiency and requested a conference, "objecting to the adjustments to gross receipts, depreciation, supplies, and other expenses."  (*Id.*)

During conference, Plaintiffs "stated that on the original return, the payments on the printer were treated as lease payment expenses because the agreement with [the lessor] was interpreted to be an operating lease[.]"  (Ptfs' Ltr at 12, Jun 21, 2024.)  Plaintiffs further stated that "it wasn't until the audit that [Plaintiffs] realized it was a capital lease and expense * * *."  (*Id.*)  Plaintiffs "proposed to eliminate the $5,853 in rent and lease payments and capitalize the printer" instead, so that the equipment could be depreciated under Internal Revenue Code (IRC) section 179.  (*Id.* at 12, 1.)  The conference officer declined the proposal, "holding [Plaintiffs] to [their] original reporting position."  (*Id.* at 12.)  The conference officer made other adjustments, resulting in a decrease to Schedule C income of $8,058 from the amount determined at audit and removal of the substantial understatement penalty.  (*Id.* at 13, 18.)  A Notice of Assessment was issued following the conference.  (*See id.*; Compl at 3.)

Plaintiffs filed this appeal, challenging Defendant's Notice of Assessment for the 2019 tax year.  (Compl at 1, 3.)  Plaintiffs claim Defendant is in error because Defendant "has treated a capital lease as an operating lease and failed to properly classify the asset as such."  (*Id.* at 1.)  Plaintiffs request that the court classify the printer lease "as a capital lease and record

depreciation expense as is available, up to the total cost of $33,768.51." (*Id.*)

Defendant offers a two-part response to Plaintiffs' Complaint, part procedural and part substantive. (*See* Def's Mot at 1; Def's Reply at 1.) On the procedural matter, Defendant essentially argues that Plaintiffs are not aggrieved—and therefore do not have standing to bring suit—"[b]ecause Plaintiff[s'] sole complaint is regarding their own filing." (Def's Mot at 1.) Stated another way, Defendant argues that Plaintiffs are appealing their own tax return. On the substantive matter, Defendant states that "[t]he 179 election must be made on Plaintiff[s'] first income tax return or an amended return filed timely." (Def's Reply at 1.) Defendant argues that, "[i]f Plaintiff[s] wanted to elect to expense the asset in the manner expressed in their complaint, they needed to make the election in a timely manner per Treasury Regulation 1.179-5." (Def's Mot at 1.)

## II. ANALYSIS

The issues presented for the 2019 tax year are (1) whether Plaintiffs are aggrieved, and (2) whether Plaintiffs may claim bonus depreciation under IRC section 179 for the cost of a printer lease that Plaintiffs treated as an operating lease on their original return. The court grants summary judgment where the documents on file show "there is no genuine issue as to any material fact" and "the moving party is entitled to prevail as a matter of law." TCR 47 C.

A.      *Whether Plaintiffs Are Aggrieved*

To appeal to this court, a "person must be aggrieved by and affected by an act, omission, order or determination of * * * [t]he Department of Revenue in its administration of the revenue and tax laws of this state." ORS 305.275(1)(a)(A).[3] Defendant adjusted Plaintiffs' 2019 return resulting in additional tax due and Plaintiffs appealed from Defendant's Notice of Assessment, as

---

[3] References to the Oregon Revised Statutes (ORS) are to the 2017 edition.

contemplated by statute. *See* ORS 305.265(15) (stating appeal may be taken to this court from any notice of assessment). At least initially, it appears Plaintiffs are aggrieved under the relevant statutes. Yet, as Defendant notes, the only error Plaintiffs allege with respect to Defendant's conference decision (the basis for the Notice of Assessment) concerns an item that Defendant did not adjust: a business expense claimed for a printer lease payment. Defendant argues that Plaintiffs are, essentially, appealing their own tax return, rather than an adjustment made by Defendant.

"[T]he income tax system is based on self-assessment. Under our system, taxpayers are given a number of choices or elections[,]" including, for example, "the timing and methods of claiming depreciation and other deductions." *Arnold v. Dept. of Rev.*, 12 OTR 69, 72 (1991). In accordance with the concept of self-assessment, this court has held that a taxpayer is not aggrieved by their own return. *See, e.g.*, *Beesley v. Dept. of Rev.*, TC-MD 021084C, 2003 WL 21235445 at *1 (Or Tax M Div Mar 18, 2003) (dismissing taxpayer's appeal to change filing status from that taken on original return because department did not adjust taxpayer's return so taxpayer was not aggrieved); *Ruiz-Galicia v. Dept. of Rev.*, TC-MD 100768D, 2010 WL 3706449 at *1 (Or Tax M Div Sept 22, 2010) (dismissing taxpayer's appeal of "self-assessed state income tax for tax year 2005" due in part to "no appealable action"). A taxpayer wishing to change an original return may be able to file an amended return.[4]

This case differs from *Beesley* and *Ruiz-Galicia* because Plaintiffs were subject to audit and received a Notice of Assessment from Defendant.[5] As noted above, taxpayer's right of

---

[4] "Generally, [Oregon] law imposes no deadline on a taxpayer for filing amended returns." *Maillard v. Dept. of Rev.*, TC-MD 210345N, 2023 WL 2754460 at *3 (Or Tax M Div, Apr 3, 2023) (internal quotation and citation omitted). "However, the period in which a taxpayer may claim a refund is limited." *Id.* (*citing* ORS 314.415(2)(a).)

[5] Even though taxpayers are permitted to file amended returns, "[f]iling an amended return does not

appeal from a Notice of Assessment is to this court. And, "[o]nce a tax year has been placed in issue before the court, both parties are obligated to raise all issues and defenses in connection with that claim so that the claim may be finally resolved." *U.S. Bancorp and Subsidiaries v. Dept. of Rev.*, 15 OTR 13, 17 (1999). That is because a taxpayer's tax liability for one tax year constitutes one claim. *See id.* at 15, 17 (framing the issue as whether a taxpayer's income or tax liability for a year constitutes "one claim" and concluding that the doctrine of claim preclusion bars relitigation of taxpayer's liabilities for years previously litigated). Consistent with the view that one tax year is one claim, this court has jurisdiction "to determine the correct amount of deficiency, even if the amount so determined is greater or less than the amount of the assessment determined by the Department of Revenue, *and even if determined upon grounds other or different from those asserted by the department * * *.*" ORS 305.575 (emphasis added). Thus, an appeal may be decided on different grounds than stated in the department's notice.

Putting all of that together, Plaintiffs' remedy upon receiving the Notice of Assessment was to appeal to this court. On appeal, the issue is Plaintiffs' tax liability for the 2019 tax year and the court may decide that issue on other or different grounds than Defendant. Relatedly, Plaintiffs are required to raise all issues and defenses in connection with the 2019 tax year. Although it is unusual – perhaps unprecedented – for a taxpayer to challenge *only* an item that the department never adjusted, such an appeal appears to be permissible when taxpayer has received a notice of assessment. Accordingly, the court proceeds to consider whether Plaintiffs may take a deduction under IRC section 179 for (or, "expense") the printer lease.

B.      *Whether Plaintiffs May Expense the Printer Lease*

Oregon adopts those portions of the federal IRC that pertain to the determination of

_____

circumvent the statutory timelines imposed to appeal a notice of assessment." *Maillard*, 2023 WL 2754460 at *3.

taxable income of individuals, and it applies federal income tax definitions "unless a different meaning is clearly required * * *." ORS 316.007; ORS 316.012; ORS 316.048. A taxpayer may deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." IRC § 162(a). Deductions are "a matter of legislative grace" and Plaintiffs bear the burden of proving their entitlement to a deduction claimed. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992) (quoting *Interstate Transit Lines v. Comm'r*, 319 US 590, 593, 63 S Ct 1279, 87 L Ed 1607 (1943)).

For certain property that would otherwise be capitalized and depreciated, a taxpayer may instead elect to treat the cost of that property as an expense. IRC § 179(a). An election under IRC section 179 must be made on the taxpayer's return, and "in such manner as the Secretary may by regulations prescribe." IRC § 179(c)(1). Federal regulations state that a section 179 election "*shall* be made on the taxpayer's first income tax return for the taxable year to which the election applies (whether or not the return is timely) or on an amended return filed within the time prescribed by law (including extensions) for filing the return for such taxable year." Treas Reg § 1.179-5(a) (emphasis added). "Any election * * * specified in this section *must* be made in the manner prescribed in paragraphs (a), (b), and (c) of [Treasury Regulation section 1.179-5]. Thus, the election * * * must not be made by the taxpayer in any other manner * * *." Treas Reg § 1.179-5(d) (emphasis added).[6] "Entitlement to the benefits of section 179 is not automatic. It requires an affirmative election to be attached to the original return or to a timely filed amended return." *Starr v. Comm'r*, 69 TCM (CCH) 2501, 1995 WL 243501 at *5 (1995), *aff'd without published opinion*, 99 F3d 1146 (9th Cir 1996).

---

[6] Subsections (b) and (c) are not applicable here. Subsection (b) concerns revocation of a section 179 election. *See* Treas Reg § 1.179-5(b). Subsection (c) concerns making or revoking section 179 elections for taxable years beginning after 2002 and before 2008. *See* Treas Reg § 1.179-5(c).

Plaintiffs here have not demonstrated that they are entitled to expense the costs associated with the printer under section 179 election. Federal law clearly states that section 179 elections must be made on either an original return (whether that original return was timely filed or not), or on an amended return. Plaintiffs do not allege they have made a section 179 election on an original or amended return, and the court has not received a copy of Plaintiffs' return.[7]

### III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiffs are aggrieved by Defendant's Notice of Assessment for the 2019 tax year, but they have not demonstrated that they made an election to expense the printer lease cost on either their original or a timely filed amended return. Thus, they have not met the requirements for the deduction under section 179. Now, therefore,

IT IS DECIDED that Plaintiffs' appeal for the 2019 tax year is denied.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This Decision was signed by Presiding Magistrate Allison R. Boomer and entered on April 7, 2025.*

---

[7] Presumably, Plaintiffs did not make the election on their original return because they deducted the lease payment as an operating lease rather than as a capital lease. (*See* Ptfs' Ltr at 12, Jun 21, 2024.)