IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JOHN A. CARSON,  )
and MARLIS C. CARSON,  )
  )
           Plaintiffs,  )  TC-MD 170296R
  )
      v.  )
  )
DEPARTMENT OF REVENUE,  )
State of Oregon,  )
  )
           Defendant.  )  **FINAL DECISION[1]**

This matter came before the court on the parties' cross-motions for summary judgment regarding the 2010 tax year. Both parties filed briefs and responses. Oral argument was held in the Oregon Tax Court on March 19, 2018. Carol Vogt Lavine appeared on behalf of Plaintiffs. James C. Strong appeared on behalf of Defendant. The matter is now ready for a decision.

## I. STATEMENT OF FACTS

Plaintiffs were domiciled in Oregon in 2009. For the 2010 and 2011 tax years, Plaintiffs filed joint state income tax returns as full-year nonresidents of Oregon. The Internal Revenue Service (IRS) audited Plaintiffs' 2010 federal income tax return and determined that, based on the sale of stock, a net long-term capital gain should be added to their federal adjusted gross income and their miscellaneous itemized deductions should be eliminated. The IRS notified Defendant of its determination. Thereafter, Plaintiffs filed an amended Idaho resident income tax return reporting the capital gain as Idaho income. Plaintiffs did not file an amended return in Oregon. Defendant mailed Plaintiffs a Notice of Deficiency, dated October 29, 2014, based on

_____

[1] This Final Decision incorporates without change the court's Decision, entered September 21, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

the information from the IRS.  (Am Compl Ex 1.)  Plaintiffs filed a written objection to the

determination, asserting that Plaintiffs were Idaho residents in 2010.  On April 7, 2015,

Defendant issued a Notice of Deficiency Assessment (2010 NODA), which denied Plaintiffs'

objection for the 2010 tax year.  The 2010 NODA stated in part:

> "You agreed with the IRS adjustment, but consider the capital gain not to be
> Oregon source income and nontaxable to you as a nonresident.  You provided a
> copy of the IRS audit report, an unsigned amended return for 2010, * * * copies
> of a September 7, 2004 Stock Purchase Agreement and a Promissory Note dated
> January 1, 2010 that appears to initiate payment for the transfer of the stock
> referred to in the 2004 agreement but between different parties.  You have not
> shown that the income indicated on the promissory note was not Oregon source
> income. * * * You state that the owners are no longer Oregon residents by the
> year 2010; therefore a capital gain in 2010 should not be considered Oregon
> income.  The more important question is whether what was traded was Oregon
> source income and * * * that question is not clearly answered.  It depends on
> whether the stock in question has Oregon situs, where the trusts were created and
> where they are administered, in addition to the separate issue of residency.
> * * * * * Though much of the documentation surrounding the trade that created
> the additional income included in the deficiency has not been provided, there is
> sufficient reason to believe that it is Oregon source income."

(Am Compl Ex 3 at 2.)

The 2010 NODA provides additional specific information about the stock and sale which

are not essential to this decision.  The 2010 NODA cites the following statutes as authority for

the assessment: Internal Revenue Code (IRC) 212, 67, 1222, 1001, 1201, 1202, 1212; Oregon

Revised Statutes[2] (ORS) 316.027, 316.037, 316.048, 316.117, 316.127, 316.716, 314.402, and

316.695.  (*Id.*)

On April 8, 2015, Defendant subsequently issued a Notice of Deficiency Assessment for

the 2011 tax year (2011 NODA) on the basis that Plaintiffs were Oregon residents during that

year.  (*See* Am Compl Ex 4.)  Plaintiffs requested a conference in protest of the 2011 tax year.

---

[2] References to the Oregon Revised Statutes (ORS) are to 2009.

Plaintiffs and Defendant held a conference on December 15, 2015, for both tax years. During the conference, the only issue discussed was Plaintiffs' domicile. After the conference, Defendant issued its Conference Decision Letter, denying Plaintiffs' petition on the grounds that Plaintiffs were domiciled in Oregon. (*See* Am Compl Ex 5.)

Plaintiffs filed two complaints in the Magistrate Division of the Oregon Tax Court; first in 2015, TC-MD 150355N (Control), then in 2016, TC-MD 160203N. Both complaints addressed only the issue of Plaintiffs' domicile. In Defendant's Answer to Plaintiffs' 2015 complaint regarding the 2010 tax year, it stated that it "disagrees that residency was the only issue in the determination as to whether the income adjustment made by the IRS was taxable to Oregon. It was not shown during audit that the additional income was not also Oregon source income."

The two complaints were tried together before Magistrate Boomer on June 8, 2016. In Defendant's opening statement, auditor Nancy Berwick (Berwick) stated "2010 is really two issues: it's the expense added based on an IRS audit that ended with a written objection that was denied — that's what got appealed to court — and then there was a separate adjustment made when I concluded that they were indeed Oregon residents and all of their income should be considered Oregon income as well. So there's two adjustments." (Def. Motion at 4.) On November 18, 2016, the court issued its Final Decision, holding that the Plaintiffs were domiciled in Idaho during both 2010 and 2011. *Carson v. Dept. of Rev.*, TC-MD 150355N, WL 6820789 (Or Tax M Div, Nov 18, 2016). The court did not address the issue of whether the sale of Plaintiffs' stock represented Oregon sourced income.

Based on Defendant's interpretation of the court's decision, Defendant mailed Plaintiffs a Notice of Adjustment on January 11, 2017, showing that after final judgment, Plaintiffs would

still owe $52,915 in tax for the 2010 tax year. (Def Motion at 9, Motion Ex E.) Plaintiffs' right to appeal the Magistrate's decision to the Regular Division expired on January 17, 2017. The Magistrate Division entered its judgment on January 24, 2017. Plaintiffs mailed a letter to Defendant on January 31, 2017, asserting that because Plaintiffs prevailed at trial, they did not owe the assessment. After Defendant began collection proceedings, Plaintiffs paid the full assessment under protest and requested Magistrate Boomer to "supplement" her decision to consider the situs issue. On June 1, 2017, Magistrate Boomer mailed a letter to both the Defendant and Plaintiffs stating:

> "The only relief requested by Plaintiffs was a determination that Plaintiffs were domiciled in Idaho rather than Oregon. Defendant's Answer for the 2010 tax year appeal referenced an issue of whether some of Plaintiffs' income had an Oregon source. However, that issue was not pursued at trial. Rather the sole issue at trial was Plaintiffs' domicile for the 2010 and 2011 tax years. * * * * * You have asked the court to reopen this case to consider an issue that was not addressed at trial. There is no authority under the applicable statutes or rules to provide that form of relief. * * * The court may not reopen this case to consider a new issue and enter a supplemental decision."

(Def Motion, Ex F at 1-2.)

Plaintiffs subsequently filed an untimely appeal to the Regular Division on July 17, 2017 (TC 5306).[3] That case was dismissed October 19, 2017, after the parties stipulated to dismissal.

Plaintiffs filed their Complaint in this case on September 13, 2017. Defendant filed a Motion to Dismiss on October 13, 2017. During the case management conference on November 16, 2017, the parties agreed that, instead of responding to the Motion to Dismiss, Plaintiffs would file an amended Complaint. The parties further agreed on a briefing schedule on cross motions for summary judgment. Plaintiffs filed their First Amended Complaint on November 17, 2017, asking the court to find Defendant's 2010 NODA invalid, or, in the alternative, that

[3] Neither party addressed this fact. The court *sua sponte* takes judicial notice of this case.

Defendant did not meet its burden of proof that the 2010 sale of Plaintiffs' stock represented Oregon-based income. Because Plaintiffs paid the assessment in full, they seek a refund, plus statutory interest, and attorney's fees.

## II. ANALYSIS

The issues in this case are threefold. First, does the doctrine of claim preclusion bar the Plaintiffs from bringing an action when the tax year in question has already been litigated by the parties? Second, did Defendant provide Plaintiffs with a clear explanation and adequate notice that the issue of Oregon source income was a basis for the 2010 NODA, and if not, is the assessment void or voidable? Third, were Plaintiffs' due process rights violated by a lack of notice from the Defendant?

A. *Claim Preclusion*

Claim preclusion "is a doctrine of rules and principles governing the binding effect on a subsequent proceeding a final judgment previously entered in a claim." *U.S. Bancorp v. Dept. of Rev.*, 15 OTR 13, 14 (1999)(citation omitted.) Here, we consider the binding effect of the decision and judgment in case TC-MD 150355N on this case, which involves the same tax year. The issue of claim preclusion can be broken down into two parts for this analysis: same tax year and burden of proof.

1. *Same Tax Year*

"Once a tax year has been placed in issue before the court, both parties are obligated to raise all issues and defenses in connection with that claim so that the claim may be finally resolved." *U.S. Bancorp,* 15 OTR at 17. After a tax year has been litigated "the judicial doctrine of claim preclusion applies." *Id. at* 16. After the Tax Court ruled in favor of the taxpayer in *U.S. Bancorp*, the Department of Revenue issued a Notice of Default for the same tax year but on a

different issue. The court disallowed the Department's action and found:

> "[t]he doctrine of res judicata serves both the interests of the public in conserving judicial resources and in minimizing the possibility of inconsistent decisions and the interests of the parties in being protected from the expense and vexation of multiple lawsuits. * * * We reaffirmed that a final judgment on the merits bars relitigation of the same claim or cause of suit between the same parties in a subsequent proceeding. This bar extends to all matters which the parties might have litigated and had decided as incident to or essentially connected with the former cause as a matter of claim or defense."

*Id*. (citation omitted.)

The judicial doctrine of claim preclusion results in a "use it or lose it" scenario in which unraised claims and defenses are barred from being raised in the future if they are not presented in the litigation. "The rule forecloses a party that has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance." *Bloomfield v. Weakland*, 339 Or 504, 511, 123 P3d 275 (2005). Thus, any claim or defense available to a party which was not raised at the appropriate time cannot later serve as a basis for reentering litigation once the tax year has been litigated.

Plaintiffs and Defendant litigated the 2010 tax year in TC-MD 150355N with Magistrate Boomer issuing a Final Decision on November 18, 2016, in favor of the Plaintiffs on the issue of Oregon domicile. Neither party timely appealed the final decision. During the trial, neither party presented a legal argument or evidence to support or refute the claim that sale of Plaintiffs' stock represented Oregon source income during the 2010 tax year. Consequently, the doctrine of claim preclusion now bars both Plaintiffs and Defendant from raising any claim or defense unraised during the litigation of the 2010 tax year, including arguments stating that the income was or was not Oregon- source income.

/ / /

/ / /

## 2. *Burden of Proof*

Where claim preclusion prevents the issue from being relitigated, and neither party presented any legal argument for or against an outcome in the original trial, a determination of who bore the burden of proof in the original trial becomes essential to determining the prevailing party on the issue. If a plaintiff bears the burden of proof, and does not present any evidence, the plaintiff logically cannot establish their claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." *Johnson v. Washington County Assessor*, TC-MD 100310C, WL 1196314 at *4 (Or Tax M Div Mar 30, 2011). Both Plaintiffs and Defendants claim the burden of proof in the prior case rested with their respective adversaries, and that their adversaries failed to meet that burden.

ORS 305.427 provides the determining language: "The burden of proof shall fall upon the party seeking affirmative relief * * *." Plaintiffs, as the party seeking relief from the 2010 NODA, bore the burden of proof to establish at trial, by a preponderance of the evidence, that they were not domiciled in Oregon, and that the income was not Oregon source income. For this conclusion, the court has drawn the distinction between the state seeking a larger deficiency than the NODA provides from a change in state's legal theory for the asserted underlying deficiency. The two are not the same. For example, this court has held that when the Department of Revenue seeks to increase the tax liability beyond that which is contained in its Notice of Deficiency Assessment, then they bear the burden of proof on that increase. *Robles v. Dept. of Rev.*, TC-MD 110684N, WL 2786190 (Or Tax M Div Jul 6, 2012). However, where the Department asserts alternate theories as to liability, the burden of proof does not shift to them. *Capital One Auto Finance, Inc. v. Dept. of Rev.*, 363 Or 441, 423 P3d 80 (2018). In the prior case, Defendant did not seek at trial to increase the deficiency, rather, it had alternate theories for

the underlying basis. Plaintiffs, by failing to present any evidence whatsoever on the matter of Oregon source income in the original trial, did not sustain the burden of proof by a preponderance of the evidence, and thus Defendant prevailed on the issue of Oregon source income.

B.      *Sufficiency of Defendant's NODA*

Plaintiffs next contend that Defendant did not give them adequate notice of its theory that capital gains from sale of their stock represented Oregon source income and the issue therefore should not be barred by the doctrine of claim preclusion. They cite to ORS 305.265(2) which provides:

> "If the department discovers from an examination or an audit of a report or return or otherwise that a deficiency exists, it shall compute the tax and give notice to the person filing the return of the deficiency and of the department's intention to assess the deficiency, plus interest and any appropriate penalty. Except as provided in subsection (3) of this section, the notice shall:
>     (a) State the reason for each adjustment;
>     (b) Give a reference to the statute, regulation or department ruling upon which the adjustment is based; and
>     (c) Be certified by the department that the adjustments are made in good faith and not for the purpose of extending the period of assessment."

Specifically, Plaintiffs take issue with subsection (a). Plaintiffs argue that the Defendant's notice was inadequate to give a clear explanation that stated a reason for the adjustment. Plaintiffs allege that they were unaware of opportunity to litigate the issue at trial, and thus any decision on the issue is void. Defendants argue that the notice was sufficient to give Plaintiffs an opportunity to litigate the issue and they simply chose not to do so. Defendants further argue that the alleged lack of notice creates a voidable, rather than void, notice. Because Plaintiff did not assert the lack of notice issue in the prior case, Defendant claims, the court is barred from hearing the appeal based on claim preclusion.

/ / /

1. *Clear Explanation and Stating the Reason*

To support their argument that a clear explanation is needed for a notice to be valid, Plaintiffs cite ORS 305.885: "A taxpayer shall have the right to a clear explanation in any initial notice or other initial communication of deficiency, delinquency or other writing that is communicating an underpayment of tax, of the basis for underpayment, interest and penalties." Plaintiffs further cite to *Preble v. Dept. of Rev.* "Without notice of the reason or the authority for each adjustment, the taxpayer could face significant disadvantages in contesting the proposed deficiency; indeed, the taxpayer might be unable to object at all. Such a 'notice' actually would notify the taxpayer of very little." 331 Or 320, 325, 14 P3d 613 (2000). Plaintiffs certainly have the right to a clear explanation from the Defendant in the initial Notice of Deficiency. Plaintiffs, however, fail to show that the notice received from the Defendant did not meet the standard of a "clear explanation" as defined by the statute.

The court is unaware of any case interpreting the meaning of the statutory term "clear" in this context. However, "the appropriate methodology for interpreting a statute is as * * * the first step [] an examination of text and context." *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). In this analysis, "words of common usage typically should be given their plain, natural, and ordinary meaning*." PGE. v. Bureau of Labor & Indus.*, 317 Or 606, 611, 859 P2d 1143 (1993). *Webster's Third New Int'l* Dictionary defines clear in part as, "easily understood: without obscurity or ambiguity." *Webster's Int'l Dictionary* [419] (unabridged ed 2002). In Defendant's 2010 NODA, Defendant states in the main body of the text that "there is sufficient reason to believe that it is Oregon source income" and that the "separate issue of residency" is not the only issue which could be litigated by the taxpayer. (Am Compl Ex 3 at 2.) Defendant does not need to explicitly invite Plaintiff to litigate the issue to have provided clear notice that

the issue is before the court, nor should Plaintiffs expect the 2010 NODA to contain superfluous language. Defendant provided Plaintiffs with sufficient notice in the 2010 NODA that situs of the stock was one basis of the deficiency.

Plaintiffs also state that the reason given by the Defendant did not contain adequate statutory support. However, Defendant cites ORS 316.127, which addresses nonresident's income from Oregon sources in their initial 2010 NODA. While that statute certainly is complex, Defendant's obligation under ORS 305.885 is only to provide a reference to the statute, regulation or department ruling upon which the adjustment is based. The inclusion of other statutes, including statutes which reference Oregon domicile, does not change the fact Defendants did reference the correct statutory authority to issue an assessment on nonresidents for Oregon source income. By including the statute in their notice, Defendant complied with the statutory requirement.

2. *Opportunity to Litigate*

Plaintiffs repeatedly point to the fact that only one issue was actually addressed by the court in the prior litigation as evidence that Plaintiffs did not receive adequate notice. However, Plaintiffs, as the party seeking affirmative relief, have discretion to pursue certain issues and concede others. The court does not generally address issues that are not affirmatively brought before the court. A failure to pursue or litigate an issue is not a lack of opportunity.

Further, on at least three occasions, Defendant provided Plaintiffs clear notice that Oregon-source income was an issue in the case. First, in the 2010 NODA, Defendant's tax auditor Berwick stated:

/ / /

/ / /

"The *more important question* is whether what was traded was Oregon source income and I think that question is not clearly answered. It depends on whether the stock in question has Oregon situs, where the trusts were created, and where they are administered, in addition to the *separate issue of residency.* * * * * * Though much of the documentation surrounding the trade that created the additional income included in the deficiency has not been provided, *there is sufficient reason to believe that it is Oregon source income*." (Emphasis added.)

Second, in Defendant's Answer to Plaintiffs' Complaint filed in TC-MD 150355N, Defendant refuted the idea that Oregon source income was not an issue in the litigation. "*Defendant disagrees that residency was the only issue* in the determination as to whether the income adjustment made by the IRS was taxable to Oregon. *It was not shown during audit that the additional income was not also Oregon source income.*" (Emphasis added.)

Lastly, in Berwick's opening statement on behalf of the Defendant at trial, Berwick again refuted the idea that residency was the only issue at play in the litigation: "*2010 is really two issues*: it's the expense added based on an IRS audit that ended with a written objection that was denied — that's what got appealed to court — and then there was a separate adjustment made when I concluded that they were indeed Oregon residents and all of their income should be considered Oregon income as well. So *there's two adjustments*." (Def Motion at 4.) (Emphasis added.)

Plaintiffs fail to consider ORS 305.885 in conjunction with ORS 305.575. ORS 305.575 allows Defendant to assert grounds other than or different from the grounds asserted in the initial notice, "before or at the hearing or any rehearing of the case before the tax court." ORS 305.575. The Oregon Tax Court previously addressed the interplay between ORS 305.885 and ORS 305.575. The court explained, "[T]he statutory provisions of ORS 305.575 authorize the departure from previously communicated reasons under ORS 305.885, so long as certain conditions are met. ORS 305.575 provides that this court may consider such alternative grounds

if they are raised 'before or at the hearing or any rehearing of the case.' It also provides that the taxpayer is given additional time to amend or otherwise plead to the alternative grounds asserted." *Capital One Auto Finance, Inc. v. Dept. of Rev.*, TC 5197, WL 7429522 at \*3 (Or Tax Dec 23, 2016), *aff'd*, 363 Or 441 (2018). Even if the Plaintiffs did not have notice prior to trial, Plaintiffs received notice at trial when Defendant's opening statement addressed the intention to litigate two issues before the court: the issues of Oregon domicile and Oregon source income. At that time, Plaintiffs could have requested additional time to amend or plead to the new alternative grounds asserted. Plaintiffs did not request additional time to address the issue of Oregon source income when the issue was raised during Defendant's opening statements — Plaintiffs chose to litigate only the matter of domicile.

As discussed above, because Plaintiffs failed to litigate the issue of Oregon source income while litigating the other issues of the 2010 tax year, Plaintiffs are now barred by claim preclusion from reopening the litigation.

### 3. Void or Voidable Notices

Even if the notice was invalid, the procedural error is only voidable and should have been raised in the prior litigation. "[A] procedural error results in a voidable judgment, while a jurisdictional error results in a void judgment. Generally, a party must object at trial to procedural errors that the party requests be corrected on appeal, while jurisdictional errors are vulnerable to attack on appeal without an objection at trial." *State v. McDonnell*, 343 Or 557, 562–63, 176 P3d 1236, 1240 (2007) (citation omitted). "[N]ot every defect in notice renders a judgment void. Instead, it is only when the notice 'is so defective that it does not satisfy the requirements of due process' that the court does not have authority to enter a judgment." *PGE v. Ebasco Services., Inc.*, 353 Or 849, 861, 306 P3d 628 (2013) (citation omitted.). Plaintiffs did

not raise the issue of invalid notice in the prior litigation. Nor was the notice so defective as to limit the authority of the court to enter a judgment. Because the issue was voidable, not void *per se*, Plaintiffs are now barred from a collateral attack on the judgment.

    *4. Claim Preclusion*

The doctrine of issue preclusion, although related to, is distinct from the doctrine of claim preclusion. "The issue preclusion branch of preclusion by former adjudication * * * precludes future litigation on a subject issue only if the issue was 'actually litigated and determined' in a setting where 'its determination was essential to' the final decision reached." *Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990). Issue preclusion would seem not to apply to this case, because the Oregon source income issue was not essential to the final decision reached by the court in the previous litigation. However, because the claim in which the issue could potentially arise is barred, Plaintiffs have no avenue in which to pursue the issue for the 2010 tax year. (*See Rennie v. Freeway Transport*, 294 Or 319, 324, 656 P2d 919 (1982): "The prior judgment is deemed to have effected a merger or bar of all claims against the defendant available to the plaintiff arising from the transaction that was at issue irrespective of whether plaintiff had actually asserted them in that action.")

C.    *Due Process*

Plaintiffs repeatedly assert they had no notice of the Oregon source income issue. That assertion is not well taken. As discussed above, Plaintiffs received reasonable notice when they were made aware on at least three different occasions that Oregon source income was an issue in the litigation: first, in the initial Notice of Deficiency Assessment; second, in Defendant's answer to Plaintiffs' complaint; and third, in Nancy Berwick's opening statement on behalf of the Defendant at trial. "Due process requires reasonable notice * * * before a default judgment or

order may be entered * * *, but not necessarily strict compliance with the applicable procedural statutes and rules." *PGE,* 353 Or 849 at 861.

Plaintiffs contend that the conference decision was required to address the Oregon source income to put Plaintiffs on notice of the issue to be litigated. Defendant was merely addressing Plaintiffs' objections to the 2010 NODA and 2011 NODA. Defendant was under no obligation in the conference to discuss issues not raised by Plaintiffs in their written objection. *Harding v. Dept. of Rev.*, TC-MD 991467C, WL 321144 (Or Tax M Mar 15, 2000) (holding that the department did not need to do more than what was statutorily required to provide clear and sufficient notice.). Because Plaintiffs received reasonable notice before trial, their due process rights have not been violated.

### III.  CONCLUSION

The doctrine of claim preclusion prohibits Plaintiffs from raising issues that should have been litigated while the tax year in question was before the court. Plaintiffs received adequate notice in the initial communication from the Defendant; Defendant provided a clear explanation supported by statutory authority. Plaintiffs received an opportunity to litigate the issue before the court and chose not to do so. If Plaintiffs thought the notice was inadequate, the procedural error should have been raised at trial where voidable issues may be addressed. Further, Plaintiffs, as the party bearing the burden of proof, failed to prove by a preponderance of the evidence that the income was not Oregon source income. Plaintiffs have no claim to relief which can be granted by the court; therefore, Defendant's Motion for Summary Judgment should be granted, and Plaintiffs' Motion for Summary Judgement should be denied. Now, therefore,

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment is granted.

IT IS FURTHER DECIDED that Plaintiffs' Cross Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED that Plaintiffs' appeal is dismissed.

Dated this ____ day of October 2018.


_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*


*This document was signed by Magistrate Davis and entered on October 9, 2018.*