# MITTLEMAN *v.* STATE TAX COMMISSION

Paul R. Meyer, Portland, argued the cause for plaintiff. Paul R. Meyer, Portland, and Kobin & Meyer, Portland, submitted briefs for plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendants.

Decision for defendant rendered February 15, 1965.

EDWARD H. HOWELL, Judge (Pro Tempore).

The Lincoln County Assessor assessed plaintiff's real property based on a true cash value of $41,200 for 1962-63. This amount was sustained by the County Board of Equalization and defendant State Tax Commission. Plaintiff's appeal to this court resulted in a reduction of the true cash value to $31,500.

While the 1962-63 appeal was pending, the assessor assessed the property at a true cash value of $42,460

for 1963-64. Plaintiff petitioned the State Tax Commission to require the assessor to reduce this valuation to $31,500, the true cash value of the property as found by the Tax Court for the preceding year. Plaintiff's petition was denied and she appealed.

The issue is whether the principle of collateral estoppel shall apply to successive suits involving real property taxes for different years. In other words, does the true cash value of $31,500 for 1962-63, as found by the Tax Court, establish the value for the succeeding year. The question has not been previously decided in Oregon.

In *Gwynn v. Wilhelm*, 226 Or 606, 360 P2d 312 (1961), Oregon adopted the definition of collateral estoppel as stated in Restatement, Judgments, § 68, p 293, as follows:

> " '(1) Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action, except as stated in §§ 69, 71 and 72.
>
> " '(2) A judgment on one cause of action is not conclusive in a subsequent action on a different cause of action as to questions of fact not actually litigated and determined in the first action.' "

■ The general rule as to property tax valuations is that each year stands by itself. 84 C.J.S. Taxation, § 543, p 1053. Valuations for the purpose of assessment are made as of January 1 of each year. ORS 308.210 and 308.215.

Plaintiff concedes there is a split of authority but the better rule and the weight of authority supports the proposition that a judicial determination of the value of real property for one year is not conclusive

as to the value of the property for a subsequent year. 150 ALR 6, 162 ALR 1204; 84 C.J.S. Taxation, § 543, p 1053; *In re 1229-35 Chestnut Street, Appeal of Sheldon Hotel Corporation,* 362 Pa 313, 66 A(2d) 242; *Drey v. State Tax Commission,* 345 SW2d 228. *Bellingham Community Hotel v. Whatcom County,* 12 Wash2d 236, 121 P2d 335.

■ The plaintiff argues that ORS 305.440 is binding on the defendant. This statute provides generally that the decision of the Tax Court shall be binding until changed by the Supreme Court. This could be binding only for 1962-63, the time in question. If an assessment is to fix value as of a certain time, and if each year is to be separate and distinct from every other year, then an adjudication for the year 1962-63 could not be binding on subsequent years.

■ Counsel stipulated that the question of valuation would be reserved pending the decision on the applicability of the principle of collateral estoppel. If each tax year is to stand by itself then the true cash value of the property for 1963-64 is a question of fact to be determined from the evidence, the same as in any other case. The decree of the Tax Court fixing the true cash value of the property for 1962-63 is admissible as evidence on valuation even though it is not conclusive in and of itself. *Drey v. State Tax Commission, supra.*

The date of the hearing on the merits will be set by a subsequent order of the court.