## E. W. ARNOLD v. DEPARTMENT OF REVENUE

Plaintiff filed a brief *in propria persona*.

Glen V. Sorensen, Assistant Attorney General, Salem, filed a brief for defendant.

Decision for defendant rendered October 5, 1970.

CARLISLE B. ROBERTS, Judge.

The plaintiff appealed from the Department of Revenue's order No. VL 70-22, which sustained the order of the Multnomah County Board of Equalization relating to the assessment of certain personal property, described in the petition as "office furniture and equipment," for the tax year 1969-70. By agreement of the parties, the case was submitted to the court through the

use of written memoranda, the plaintiff acting *in propria persona.*

The plaintiff is a licensed public acountant and the personal property involved in the dispute consists of desks, chairs, files, bookcases, typewriters, calculators, dictation equipment and other items of furniture and equipment used by him in his place of business. The value placed thereon by the Multnomah County Assessor, under assessment No. 11-51150-001, for the tax year 1969-70 was $2,525. The plaintiff alleges that the true cash value of the personal property is no more than $2,028.70. In support of the valuation claimed, the plaintiff principally relies upon a letter, dated May 15, 1970, over the signature of Smith Brothers Office Outfitters, Inc., stating that "[t]he following is an appraisal of the value of your office equipment to a dealer: * * *" The values given therein total $1,922, apparently as of the date of the letter. It is assumed by the court that the list of items appraised by Smith Brothers coincides with the list appraised by Multnomah County.

The plaintiff, in his memoranda, contends:

(1) That the county assessor has disregarded an order of the Tax Court, in its Small Claims Division, for a prior tax year, setting a lower value on certain items of equipment than the value used by the assessor in that year. (The plaintiff argued that this showed the county's capability to err.)

(2) That the county's own representative, "at a prior hearing," admitted that its records are not up to date "any more often than a minimum of 6 to 18 months."

(3) That the county does not follow ORS 308.232

(requiring personal property to be assessed at 100 percent of its true cash value).

(4) The county's valuations in the year 1969-70 and in prior years are "arbitrary."

(5) Plaintiff normally sells his used equipment to a dealer and accepts the dealer's judgments as to value. If he sold to others, he would have additional sales expenses.

■ The Multnomah County assessment, approved by the County Board of Equalization and by the Department of Revenue, carries with it a presumption of validity. ORS 41.360(15). The taxpayer must overcome this presumption by a preponderance of the evidence. ORS 305.427; *Lundeen v. Commission*, 2 OTR 13 (1964).

■ The plaintiff has failed to overcome the presumption. The change in value of property by the Tax Court in a prior year is admissible as evidence on valuation, but it is not conclusive in and of itself. *Mittleman v. Commission*, 2 OTR 105, 107 (1965). Plaintiff's allegation of an admission by the county "at a prior hearing" is hearsay testimony, not clearly connected with the present case, and of no evidential value. The statement that the county did not follow ORS 308.232 is a conclusion without substantiation by the plaintiff, as is the allegation that the county's valuations in the current year and prior years are arbitrary. The plaintiff's allegation that he normally sells his used equipment to a dealer is of no aid to him in establishing market value.

■ Market value of a particular kind or type of personal property used in a business will differ at a given time because it is in different hands or a different location from other like property. This is recognized by

the Department of Revenue's regulation R308.205-(B), a part of the definition of true cash value contained in that regulation:

"(a) *True cash value for all personal property* shall be market value as of the date of assessment in accord with the statutory definition and shall take into account the position and place of items of property in the hands of manufacturers, producers, wholesalers, distributors, retailers, u s e r s and others."

■ As stated in the Department of Revenue's order No. VL 70-22, the subject of appeal herein:

"In this case, the Petitioner is appealing the 1969-70 assessment of his office equipment and furniture. The Petitioner, in trying to establish an opinion of value of the subject property, obtained a list with extended values drawn up by an office equipment dealer in the Portland area. The values extended on this list reflected a cash price that *the dealer would be willing to pay* the Petitioner for the items listed. The County, on the other hand, appraised the subject property *as* [the property of] *a going concern* and derived its values from its research, experience, and factor book values and depreciated these replacement cost values to allow for physical deterioration and obsolescence of the particular property being appraised. * * *" (Emphasis added.)

The true cash value of the office equipment and furniture, in the hands of a dealer, is lower than the true cash value of the same property in the hands of the ultimate user. An appraiser must take note of the dealer's expenses and profit when valuing the property after its transfer to the user. The value of a desk will change when a manufacturer ships it to a wholesaler; when a wholesaler sells it to a retailer; when a retailer

ships it to a distant store in its chain; when the retailer sells it to a consumer. Each stage from manufacturer to consumer represents a different market, with a different value arising from added costs and services.

The opinion and order No. VL 70-22 of defendant is sustained. The defendant shall prepare a form of decree in accordance with this decision, pursuant to Rule 27.