DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, made verbally at the case management conference on May 24, 2011, requesting that this case be dismissed because Plaintiffs requested relief would not result in tax savings and Plaintiff is not, therefore, aggrieved. The parties discussed Defendant's motion to dismiss during the case management conference.
Plaintiff requested a reduction in the 2010-11 real market value of property identified as Account R2149398 (subject property) to $120,000, which was Plaintiffs purchase price for the subject property in April 2010. Both the maximum assessed value and assessed value of the subject property are $109,380 for the 2010-11 tax year. (Ptf s Compl at 2.) Defendant provided a compression analysis confirming that Plaintiffs requested reduction in real market value would not result in tax savings. (Def s Ltr at 2, May 25, 2011.)
During the case management conference on May 24, 2011, Plaintiff confirmed that his requested real market value is $120,000. After discussion of ORS 305.275, Plaintiff stated that he understood that his requested real market value would not result in tax savings during the 2010-11 tax year. However, Plaintiff stated that his requested real market value would result in tax savings in future years because the maximum assessed value would continue to rise each *Page 2 
year, eventually surpassing the real market value. Defendant responded that each tax year stands alone and the court can only consider the tax year at issue, the 2010-11 tax year. Plaintiff declined to conduct additional research or to submit written arguments in response to Defendant's motion to dismiss.
ORS 305.275(1)(a) requires that a taxpayer be "aggrieved" in order to appeal to this court; if a taxpayer is not "aggrieved" within the meaning of ORS 305.275, then that taxpayer does not have standing to appeal.[1] "So long as the property's maximum assessed value is less than its real market value, taxpayer is not aggrieved."Parks Westsac L.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999). Plaintiff in this case has not alleged a real market value that is less than the maximum assessed value. Defendant provided a compression analysis confirming that Plaintiff's requested real market value would not result in tax savings to Plaintiff. Therefore, Plaintiff is not aggrieved within the meaning of ORS 305.275.
Plaintiff suggested that a reduction in the 2010-11 real market value of the subject property might yield property tax savings in future years. That may be true, but the only tax year before the court is the 2010-11 tax year. Property taxes "are imposed on an annual basis" and "`each year stands by itself.'" U.S.Bancorp v. Dept. of Rev., 15 OTR 13, 15 (1999), citingMittleman v. Commission, 2 OTR 105, 106 (1965). Thus, the court must confine its decision in this case to the 2010-11 tax year. Based on the foregoing, Defendant's motion to dismiss must be granted. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on June 10, 2011. The Court filed and entered this documenton June 10, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1