IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| MURRAY FAMILY TRUST and GEORGIANA A. M. MURRAY, Trustee, | ) ) ) | |
| Plaintiffs, | ) | TC-MD 200132N |
| v. | ) ) | |
| WASCO COUNTY ASSESSOR, | ) ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| Defendant. | ) | **MOTION TO DISMISS** |

This matter came before the court on Defendant's motion to dismiss (motion), requesting that Plaintiffs' Complaint be dismissed without identifying the basis for the motion. (Ans at 1.) During the case management conference held May 28, 2020, the court noted that it had previously adjudicated the 2018-19 real market value of Account 14878 (subject property) and it would not hear an appeal on issues decided in that case. The parties agreed to a written briefing schedule, including a deadline by which Plaintiffs were required to identify new issues presented in this appeal. Plaintiffs filed a written response on August 20, 2020, and additional exhibits on October 22, 2020. Defendant filed its reply on October 26, 2020, asking the court to dismiss Plaintiffs' Complaint because they have not identified any new issues beyond what was decided by this court for the 2018-19 tax year. This matter is now ready for the court's determination.

A.    *Plaintiffs' Complaint and Requested Relief*

Plaintiffs appeal the subject property's value for the 2017-18 through 2019-20 tax years. (Compl at 1.) They requested a real market value of $0 because the subject property is "overvalued and the land is an illegal lot of record and cannot be used for anything." (*Id.*) The subject property's 2019-20 real market value was $98,730 and its assessed value was $94,642.

/ / /

(*Id.* at 3.)  The court did not receive property tax statements for the 2017-18 and 2018-19 tax years.

Plaintiffs describe the subject property as a 20.50-acre parcel zoned "Agricultural 160 Acre minimum in the General Management Area of National Scenic Act."  (Ptfs' Resp at 2.) Plaintiffs report that they have identified "three comparables" that are "the Assessor's tax statements on these properties for the 2019-2020 [tax year]."  (*Id.*)  Plaintiffs conclude based on those "comparables" that a value of $320 per acre is indicated.

Plaintiffs submitted exhibits that they would offer if the case proceeds to trial.  (Ptfs' Ltr, Oct 22, 2020).  They described the exhibits as "show[ing] that the [subject] property is an illegal lot of record, if it cannot be used because of that, it has [no] value."  (*Id.*)  The exhibits are excerpts from the "National Scenic Area Land Use and Development Ordinance" dated from 1994; correspondence dated from 2015 concerning a "farm use inquiry" on the subject property; a map; and documents pertaining to sales in 1973, 1990, 1995, 1996, 2002, and 2003.

B.      *Analysis*

The issue presented concerns *res judicata*, or preclusion by former adjudication, which comprises two doctrines: claim preclusion and issue preclusion.  *Drews v. EBI Companies,* 310 Or 134, 139, 795 P2d 531 (1990).

1.      *Claim preclusion – 2017-18 and 2018-19 tax years*

Claim preclusion provides finality to a dispute and prevents splitting a single dispute into multiple controversies.  *Drews*, 310 Or at 141.  It "does not require actual litigation of an issue of fact or law" though "[t]he opportunity to litigate is required."  *Id.* at 140.  In the context of tax, this court has barred parties from appealing the same tax year twice, even if new issues are presented.  *See U.S. Bancorp v. Dept. of Rev.*, 15 OTR 13, 16 (1999) ("Once a tax year has been

appealed and placed in litigation before the court, the judicial doctrine of claim preclusion applies"); *see also Carson v. Dept. of Rev.*, TC-MD 170296R, 2018 WL 4944956 (Or Tax M Div, Oct 9, 2018) (taxpayers were precluded from filing an appeal raising new issues for a tax year that was previously adjudicated by the court).

Plaintiffs' representative Richard J. Murray (Murray) previously appealed the subject property's value for the 2017-18 and 2018-19 tax years. In *Murray v. Wasco County Assessor*, TC-MD 180115R (Aug 14, 2018), Murray appealed the 2017-18 value of subject property. The court dismissed the appeal because Plaintiff was not aggrieved; he sought a reduction of real market value to $10,250, whereas the assessed value was $250.

Murray next appealed the 2018-19 value of the subject property and the case proceeded to trial. *See Murray v. Wasco County Assessor*, TC-MD 190106R (Jan 16, 2020). The court heard testimony from Murray, as well as Plaintiff Georgianna A. M. Murray, Defendant, and the county planning director. *Id.* at 1. The testimony focused on whether and to what extent the subject property could be developed. *Id.* at 1-3. Both Defendant and the county planner director testified that it was not possible to determine what amount of development would be allowed on the subject property until the owner made a request and Defendant reviewed the request. *Id.* at 3. The court agreed that the subject property was impacted by restrictions based on the possible presence of cultural resources but could not determine the extent of the impact and disagreed with Murray that the restrictions amounted to a total ban on use of the subject property. *Id.* at 5. The court denied the appeal based on insufficient evidence of real market value. *Id.* at 6.

Because the subject property's 2017-18 and 2018-19 values were previously adjudicated by this court, Plaintiffs are precluded from appealing those years again and they are dismissed.

/ / /

2.      *Issue preclusion – 2019-20 tax year*

Plaintiffs have not previously appealed the 2019-20 tax year to this court, though they have litigated whether the subject property is rendered worthless based on restrictions on use.

"The general rule as to property tax valuations is that each year stands by itself." *Mittleman v. Comm'n*, 2 OTR 105, 106 (1965). "[A] judicial determination of the value of real property for one year is not conclusive as to the value of the property for a subsequent year." *Id.* at 106-107. Notwithstanding that general rule, taxpayers may be barred by issue preclusion from litigating an issue of law or fact that was previously litigated. *Drew*, 310 Or at 139-140. The Oregon Supreme Court has articulated a five-part test for issue preclusion to apply:

> "1) The issue in the two proceedings is identical; 2) The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding; 3) The party sought to be precluded has had a full and fair opportunity to be heard on that issue; 4) The party sought to be precluded was a party or was in privity with a party to the prior proceeding; and 5) The prior proceeding was the type of proceeding to which this court will give preclusive effect."

*Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993) (citations omitted).

With respect to the first two requirements, Plaintiffs assert that the subject property had no value for the 2019-20 tax year because it was an illegal lot of record. In his 2018-19 tax year appeal, Murray sought to establish that the subject property had no value based on restrictions on use. That was the central issue presented to the court and decided following trial. Plaintiffs' exhibits in this case pertain to the same issue and do not present any new facts. The court gave Plaintiffs an opportunity to identify any new facts or issues – for instance, changes to the subject property or a development request submitted to the county since the 2018-19 appeal – but Plaintiffs have not identified any such facts or issues, instead relying on old ordinances and sales.

/ / /

The third and fourth requirements concern whether Plaintiffs had a full and fair opportunity to be heard in the 2018-19 appeal and whether they are in privity with the plaintiff in that case, Murray. As noted above, Murray took the 2018-19 appeal to trial before this court where he and Plaintiff Georgianna A. M. Murray gave testimony. Thus, Plaintiffs had a full and fair opportunity to be heard on the issue. Parties in privity include "[t]hose 'who control an action although not parties to it;' [t]hose 'whose interests are represented by a party to an action;' [and] '[s]uccessors in interest to those having derivative claims.'" *State Farm Fire and Cas. Co. v. Reuter*, 299 Or 155, 161, 700 P2d 236 (1985) (quoting *Restatement Judgments*, §83 comment a (1942); *see also Hunt v. City of Eugene*, 249 Or App 410, 429-430 (2012) (agreeing that the interests of the trust in the prior case were represented by the trustee "regardless of the capacity in which he appeared"). "An inherent limitation on using the concept of privity * * * is a concern about the fairness of binding a person to a judgment rendered in an earlier case in which he or she was not a party." *Bloomfield v. Weakland,* 339 Or 504, 511, 123 P3d 275 (2005). Here, the trustee Plaintiff participated in the prior case as a witness and the plaintiff in the prior case (Murray) is serving as the representative in the current case. It appears to the court that Murray and Plaintiff Georgianna A. M. Murray at all times controlled the prior case and thus may fairly be bound by the court's findings in that case.

The fifth requirement is satisfied because the prior case was heard in this court by a tax magistrate who conducted a trial and made findings of fact and conclusions of law in writing. All the *Nelson* requirements are satisfied; accordingly, Plaintiffs are precluded from litigating the issue of whether the subject property is worthless based on restrictions on use. Because that is the only issue Plaintiffs have raised, Defendant's motion to dismiss must be granted.

/ / /

C.     *Conclusion*

Upon careful consideration, the court concludes that Plaintiffs' 2017-18 and 2018-19 tax year appeals are barred by claim preclusion.  The court further concludes that their 2019-20 tax year appeal is barred by issue preclusion.  Defendant's motion is granted.  Now, therefore,

IT IS ORDERED that Defendant's motion to dismiss is granted.

Dated this _____ day of January 2021.


_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE


***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved.  See TCR-MD 19.***

***This document was signed by Presiding Magistrate Allison R. Boomer and entered on January 25, 2021.***