IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

CATHY J. SWANEK,                            )
                                           )
         Plaintiff,                        )     TC-MD 210089N
                                           )
    v.                                     )
                                           )
LANE COUNTY ASSESSOR,                      )     **ORDER GRANTING DEFENDANT'S**
                                           )     **MOTION FOR SUMMARY**
         Defendant.                        )     **JUDGMENT**

This matter came before the court on Defendant's Motion for Summary Judgment (Motion), filed September 21, 2022. Plaintiff filed her Response to Motion for Summary Judgment (Response) on October 19, 2022. This matter is now ready for the court's determination.

## I. STATEMENT OF FACTS, PARTIES' POSITIONS

Plaintiff filed her Complaint on March 22, 2021, challenging the value of two parcels of property, identified as Accounts 1205754 (lot 1202) and 1446879 (lot 1203) (subject properties) for the 2020-21 tax year. (Compl at 1; Def's Mot Summ J.) The 2020-21 tax roll real market value (RMV) of Account 1205754 was $883,873 and the Board of Property Tax Appeals (BOPTA) reduced it to $818,315. (Compl at 2.) Its maximum assessed value was $442,722. (*Id*.) The 2020-21 tax roll RMV of Account 1446879 was $656,692; BOPTA found the same value. (Compl at 3.) Its maximum assessed value was $341,367. (*Id*.) Plaintiff requests that the assessed value and RMV of each lot be reduced to $370,000 and $290,000, respectively. (Compl at 1.)

In a prior case, Plaintiff challenged the RMVs of the subject properties, for tax year 2019-20, arguing that their value had been significantly reduced by frequent shooting that

occurred on the neighboring Bureau of Land Management (BLM) land. *Swanek v. Dept. of Rev.*, TC 5423, 2022 WL 2903990 at *1-2 (Or Tax July 22, 2022) (*Swanek I*). In addition, Plaintiff requested that the court consider the subject properties for any exemption or special assessment programs that they may be eligible for due to the shooting, including "act of God" relief. *Id*. at *1. Finally, Plaintiff requested that the court exercise its equitable powers, either by reducing the value of the subject properties or by creating a new class of special assessment for them. *Id*. The court found that Plaintiff did not submit any competent evidence of value; instead, she focused on criticizing the assessor's appraisal report. *Id*. at *3-4. Plaintiff did not meet the burden of proof on her RMV claim. *Id*. at *4. With respect to Plaintiff's additional claims for relief, the court found no supporting legal authority. *Id*. Plaintiff did not appeal from the *Swanek I* opinion.

Defendant moves for summary judgment by reason of the court's judgment denying Plaintiff's appeal in *Swanek I*. (Def's Mot Summ J.) Defendant argues that "[w]ith rising market values for residential property, the real market value for the 2020-21 tax year would be higher than the BOPTA decision." (*Id*.) Defendant requests that "the court dismiss this case, or find an appropriate value that is reflective of the regular division decision, given known market increases." (*Id*.)

In response, Plaintiff continues to criticize the assessor's appraisal report used in *Swanek I*. (*See* Ptf's Resp at 1 ("Appraisal Report used in [*Swanek I*] as evidence of RMV did not include any comp[arable sales] with our 2 negative issues").) Plaintiff takes similar issue with the assessor's refusal to consider the sale of a neighboring property as a comparable sale in its appraisal report. (*See id*. at 2 ("Lan[e] County assessor/appraiser would not consider sale of home adjacent to our property * * * as a comp[arable sale]. This property is more similar to our

property than those 20+ miles away").) Plaintiff continues to maintain that she cannot find a qualified appraiser to value the subject properties based on their unique features. (*Id*.) Plaintiff's primary goal appears to be some form of government protection, and until such protection is provided, Plaintiff seeks a reduction in property taxes as an interim remedy. (*See id*. at 3 ("Until Lane County and BLM correct the problem of shooting onto private property, at least property taxes should be lowered to reflect the problem").) [1]

## II. ANALYSIS

The issue is whether Defendant's Motion for Summary Judgment should be granted.

Defendant's Motion seeks dismissal of Plaintiff's 2020-21 tax year appeal based on this court's opinion denying Plaintiff's 2019-20 tax year appeal. "The general rule as to property tax valuations is that each year stands by itself." *Mittleman v. Comm'n*, 2 OTR 105, 106 (1965). "[A] judicial determination of the value of real property for one year is not conclusive as to the value of the property for a subsequent year." *Id*. at 106-107. Notwithstanding the general rule, the doctrine of issue preclusion may bar taxpayers from relitigating an issue "when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding." *Nelson v. Emerald People's Util. Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993). Issue preclusion may apply if the following five requirements are met:

"1. The issue in the two proceedings is identical.

"2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

"3. The party sought to be precluded has had a full and fair opportunity to be heard on that issue.

[1] Plaintiff's request for some form of government protection is outside of this court's subject matter jurisdiction. *See* ORS 305.410(1) (2019) (tax court has jurisdiction over "questions of law and fact arising under the tax laws of this state"); *see also Sanok v. Grimes*, 294 Or 684, 698, 662 P2d 693 (1983) (taxpayer's "tort claims are outside the jurisdiction of the tax court * * *").

"4. The party sought to be precluded was a party or was in privity with a party to the prior proceeding.

"5. The prior proceeding was the type of proceeding to which this court will give preclusive effect."

*Id*. at 104 (internal citations and footnote omitted).

Where the central issue is the same as it was in the prior proceeding and the taxpayer does not present any new facts or issues when given the opportunity to do so, the first two elements are satisfied. *See Murray Family Trust v. Wasco Cty. Assessor*, TC-MD 200132N, 2021 WL 237426 at *2 (Or Tax M Div Jan 25, 2021) (taxpayer sought to relitigate whether property was an illegal lot of record). Here, Plaintiff asserts that the subject properties' values in the 2020-21 tax year were effectively reduced by the frequent shooting on the neighboring BLM land; Plaintiff asserted the same position in her 2019-20 appeal. Plaintiff also refers to the sale of an adjacent property as comparable; however, Plaintiff presented the same sale as evidence at trial in her initial 2019-20 appeal in the Magistrate Division. *See Swanek v. Lane Cty. Assessor*, TC-MD 200095N, 2021 WL 806954 at *1 (Or Tax M Div Mar 3, 2021) ("Plaintiff identified as a comparable sale the neighboring house, which sold for $656,000 on July 31, 2020") (internal citations omitted). Finally, Plaintiff maintains there is no appraiser competent to value the subject properties and, thus, does not plan to offer any new evidence of value.

Plaintiff continues to request some form of equitable relief; however, this issue was also litigated in her 2019-20 appeal. *See Swanek I*, 2022 WL 2903990 at *4 (holding that "the power of taxation 'is a legislative power that cannot be exercised by the * * * judicial branch of government'") (citation omitted). The first two elements of claim preclusion are satisfied because Plaintiff presented the same issues and evidence as in her 2019-20 appeal.

With respect to the third and fourth elements, Plaintiff took her 2019-20 appeal to trial

before the Magistrate Division and again on appeal to the Regular Division, both times testifying on her own behalf. Thus, Plaintiff had a full and fair opportunity to be heard on the issues and was a party to the prior proceeding. The final element is satisfied because the prior case was heard in this court by a judge who conducted a trial and made findings of fact and conclusions of law in writing. *Murray*, 2021 WL 237426 at *3. Accordingly, Plaintiff is precluded from relitigating the same issues for the 2020-21 tax year.

Because those are the sole issues presented by Plaintiff, Defendant's Motion for Summary Judgment must be granted.

### III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiff's 2020-21 appeal is barred by issue preclusion. Defendant's Motion is granted. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted. Plaintiff's Complaint is dismissed.

Dated this _____ day of December 2022.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

***This document was signed by Presiding Magistrate Allison R. Boomer and entered on December 28, 2022.***